# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CHARLES JACKSON, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:26-CV-00231-AGD |
| v. | § | |
| | § | |
| COVENANT TRANSPORT, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM ORDER AND OPINION</u>

Pending before the court is Defendant Covenant Transport, LLC ("Defendant Covenant") and Javier Feliz's ("Defendant Feliz") (collectively "Removing Defendants") First Amended Notice of Removal ("Amended Notice of Removal") (Dkt. #18). Having reviewed the Amended Notice of Removal and Plaintiff Charles Jackson's ("Plaintiff") Response to Amended Notice of Removal ("Response") (Dkt. #19), the court has determined that the case be remanded to the 431st Judicial District Court, Denton County, Texas.[1]

## BACKGROUND

On January 22, 2026, Plaintiff filed an Original Petition in the 431st Judicial District Court of Denton County, Texas (Dkt. #18-1). Therein, Plaintiff alleged that Defendant Feliz negligently operated a commercial motor vehicle, breached his duty of care, and hit Defendant Adam Scott's ("Defendant Scott") commercial motor vehicle (Dkt. #18-1, at p. 5). Plaintiff asserts that Defendant Scott was negligent by failing to lookout and "take reasonable evasive action to avoid the collision" with Defendant Feliz, which then contributed to the collision that Plaintiff sustained

---

[1] The court has also considered the following:
   1. Plaintiff's Opposed Motion to Remand (Dkt. #9);
   2. Defendants Covenant and Feliz's Response to Plaintiff's Motion to Remand (Dkt. #10); and
   3. Plaintiff's Reply in Support of Remand (Dkt. #11).

with Defendant Feliz (Dkt. #18-1, at p. 6). Further, Plaintiff argues that Defendant Covenant was vicariously liable for its driver's negligence, Defendant Feliz, and directly liable in its negligent hiring, training, supervising, monitoring, and overseeing of Defendant Feliz (Dkt. #18-1, at pp. 8-9). Finally, Plaintiff claims that the Removing Defendants were grossly negligent (Dkt. #18-1, at p. 12). Plaintiff specifically notes in his Original Petition that Defendant Scott and Plaintiff are citizens of Texas, thereby destroying diversity jurisdiction (Dkt. #18-1, at p. 4).

On March 4, 2026, the Removing Defendants removed this case to the Eastern District of Texas (Dkt. #1). Therein, the Removing Defendants alleged that this court has diversity jurisdiction over the case, despite Plaintiff and Defendant Scott's Texas citizenship (Dkt. #1). The Removing Defendants argued that Defendant Scott was improperly joined in order to destroy diversity jurisdiction (Dkt. #1, at p. 4). However, on May 13, 2026, this court ordered the Removing Defendants to file an Amended Notice of Removal that appropriately alleged Defendant Covenant's citizenship and the amount in controversy (Dkt. #17, at p. 2).

On May 28, 2026, the Removing Defendants filed their Amended Notice of Removal (Dkt. #18). Within that filing, the Removing Defendants claim that complete diversity exists among the proper parties (Dkt. #18, at pp. 3, 6-10). They argue that Plaintiff is a citizen of Texas, as alleged in his Petition, Defendant Covenant is a citizen of Tennessee, and Defendant Feliz is a citizen of Florida (Dkt. #18, at p. 6). Regarding Defendant Scott, the Removing Defendants state that he was improperly joined in this case to destroy diversity jurisdiction (Dkt. #18, at pp. 7-10). The Removing Defendants assert that Plaintiff's claim against Defendant Scott cannot survive a Federal Rule of Civil Procedure 12(b)(6) analysis as there is "no reasonable basis to predict Plaintiff Jackson can recover against Defendant Scott and thus, Defendant Scott is improperly joined" (Dkt. #18, at pp. 8-9).

Further, the Removing Defendants assert that the case meets the amount in controversy requirement (Dkt. #18, at p. 3). Specifically, the Removing Defendants argue that Plaintiff's Original Petition did "not specify the amount in controversy," but "removal is proper if the removing party establishes by a preponderance of the evidence that the amount in controversy exceeds $75,000.00" (Dkt. #18, at pp. 3-4). Here, the Removing Defendants assert that Plaintiff pled "an extensive list of damages allegedly suffered as a result of this accident, including past and future medical expenses, physical pain and suffering, mental anguish, loss of wages, loss of earning capacity, and physical impairment, and disfigurement and exemplary damages. After the extensive list of alleged damages, Plaintiff pled that said damages will 'continue indefinitely'" (Dkt. #18, at p. 5). As such, the Removing Defendants conclude that "it is apparent from the face of Plaintiff's pleadings that the amount in controversy claimed by Plaintiff exceeds the Court's jurisdictional threshold" (Dkt. #18, at p. 5).

On June 22, 2026, Plaintiff filed his Response (Dkt. #19). Within, Plaintiff argued that the Removing Defendants failed to meet the heavy burden of establishing that Defendant Scott was improperly joined (Dkt. #19, at p. 1). Plaintiff asserts that the Fifth Circuit has clearly set forth a heavy burden for defendants to establish that another defendant was improperly joined to destroy diversity jurisdiction (Dkt. #19, at p. 1). Plaintiff claims this burden requires that "[i]f there is even a possibility that a state court would find a cause of action stated against the named in-state defendant on the facts alleged by the plaintiff, the federal court must find that the in-state defendant has been properly joined, that there is incomplete diversity, and that the case must be remanded to state court" (Dkt. #19, at p. 2). In the instant case, Plaintiff argues that the Removing Defendants did not meet this burden and the court should remand the case back to the 431st Judicial District Court in Denton County, Texas (Dkt. #19, at p. 2).

3

**LEGAL STANDARD**

When questions of federal jurisdiction arise, a federal court must presume that a suit falls outside its jurisdiction, because the jurisdiction of federal courts is limited. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A defendant may remove "any civil action brought in a [s]tate court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). The removing party bears the burden of establishing federal jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000). Moreover, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject-matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004).

Generally, a federal court may have subject-matter jurisdiction, or original jurisdiction, in two ways: federal question or diversity. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires that the amount in controversy exceeds $75,000.00 and complete diversity exists between the parties. *Id.* § 1332. Courts look to the plaintiff's petition to determine "whether 'it is facially apparent from the [petition] that the claims exceed the jurisdictional amount…'" *Brand Servs., L.L.C. v. Irex Corp.*, 909 F.3d 151, 155 (5th Cir. 2018) (citation omitted). However, when the amount in controversy is not apparent from the face of a plaintiff's petition, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds" the jurisdictional requirement. *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003).

Meanwhile, complete diversity requires that the plaintiff(s) to a suit possess differing citizenships from the defendant(s) to a suit. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003). However, an exception to the rule of complete diversity is the doctrine of improper joinder. *See McDonal v. Abbott Lab'ys*, 408 F.3d 177, 183 (5th Cir. 2005). The Fifth Circuit has repeatedly emphasized that the doctrine of improper joinder places a heavy burden on the removing defendant. *See id.* Specifically, the removing defendant must establish "either '(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court.'" *Id.* The second option asks the court to determine "'whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (internal citation omitted). The doctrine is improperly asserted if such a finding also applies to the other non-resident defendants, because at that point the removing defendant is actually attacking the merits of the claim. *See id.*

To determine if there is a reasonable basis for a plaintiff to recover against an in-state defendant, the court "should ordinarily resolve a[n] improper joinder by conducting a Rule 12(b)(6)-type analysis. However, in cases where the plaintiff has stated a claim, but 'misstated or omitted discrete facts,' the district court has the discretion to pierce the pleadings and conduct a summary inquiry." *Id.* at 183 n. 6 (citing *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 573 (5th Cir. 2004) (*en banc*)).

## ANALYSIS

This case should be remanded because diversity jurisdiction is lacking.

The Removing Defendants only assert that removal is proper because this court has diversity jurisdiction (Dkt. #18, at p. 3). To begin, the Removing Defendants argue that the amount in controversy exceeds $75,000.00, despite Plaintiff's failure to specifically plead that amount in his Original Petition (Dkt. #18, at pp. 4-5). The Removing Defendants claim that Plaintiff's assertion of an "extensive list of damages allegedly suffered as a result of this accident, including past and future medical expenses, physical pain and suffering, mental anguish, loss of wages, loss of earning capacity, and physical impairment, and disfigurement and exemplary damages," demonstrate that Plaintiff seeks damages above $75,000.00 (Dkt. #18, at p. 5). The Removing Defendants also point the court to Plaintiff's assertion that his "damages will 'continue indefinitely'" (Dkt. #18, at p. 5). Plaintiff did not deny these allegations in his Response (Dkt. #19). Accordingly, the court finds that the Removing Defendants established that the amount in controversy exceeds $75,000.00. *See De Aguilar,* 11 F.3d at 58; *See also Felton*, 324 F.3d at 773.

Regarding complete diversity, the Removing Defendants argue that the doctrine of improper joinder applies (Dkt. #18, at pp. 6-10). Specifically, the Removing Defendants claim that Plaintiff improperly joined Defendant Scott because "Plaintiff['s] [] live pleading cannot survive 12(b)(6)-like scrutiny…Plaintiff [] fails to state a claim against Defendant Scott and merely provides a series of legal conclusions…[As such,] there is no reasonable basis to predict Plaintiff [] can recover against Defendant Scott and thus, Defendant Scott is improperly joined" (Dkt. #18, at pp. 8-9). In his Response, Plaintiff details that the Removing Defendants "fail to meet their 'heavy' burden of establishing improper joinder of Defendant Scott" (Dkt. #19, at p. 1). In particular, Plaintiff asserts that the Removing Defendants "expressly concede (1) that the failure to keep a proper lookout is a cognizable legal claim under Texas law, and (2) rely entirely on the crash report as the sole evidence establishing their position—ignoring Plaintiff's allegations

6

related to the Crash. Simply, the [Answering] Defendants would have the Court act as fact-finder and determine exactly how the Crash occurred, who was at fault, and render judgment in favor of non-movant Defendant Scott, even though the Court must not only accept Plaintiff's well-pleaded allegations as true but also indulge every reasonable inference in Plaintiff's favor" (Dkt. #19, at p. 2).

In his Original Petition, Plaintiff alleges that on February 19, 2025, on behalf of Defendant Covenant, Defendant Feliz was driving a tractor trailer traveling southbound in Colorado (Dkt. #18-1. at p. 4). At the same time, Defendant Scott was traveling northbound on the same road in a tractor trailer (Dkt. #18-1, at p. 5). Plaintiff was behind Defendant Scott traveling northbound, also driving a tractor trailer (Dkt. #18-1, at p. 5). Plaintiff claims that Defendant Feliz negligently "crossed over the center line of the highway" and "collided front-to-side with…Defendant Scott" (Dkt. #18-1, at p. 5). From there, the collision "diverted Defendant Feliz, sending him head-on with Plaintiff's truck, causing an intense head on collision" (Dkt. #18-1, at p. 5). Specifically regarding Defendant Scott, Plaintiff argues that he "failed to take reasonable evasive action to avoid the collision, including maintaining a proper lookout, timely braking, or reducing speed, which contributed to the subsequent impact with Plaintiff" (Dkt. #18-1, at p. 6). As such, Plaintiff asserted a claim for negligence against Defendant Scott (Dkt. #18-1, at p. 11). Plaintiff's theory of recovery against Defendant Scott hinges on Defendant Scott's failure to maintain a proper and constant lookout for traffic hazards and take reasonable and available evasive action to avoid the collision (Dkt. #18-1, at pp. 11-12).

The Removing Defendants argue that "[a] simple review of the police report shows that there is no possible claim against…Defendant" Scott (Dkt. #18, at p. 9). The police report provides that in the officer's opinion only, Defendant Scott's actions did not contribute to the

accident (Dkt. #18-2, at p. 8). The Removing Defendants assert that Defendant Scott "never made contact with" Plaintiff's truck (Dkt. #18, at p. 10). Finally, the Removing Defendants claim that Plaintiff "asserts [] no specific factual allegations of negligence, and merely relies on legal conclusions for Defendant Scott" (Dkt. #18, at p. 10). As shown, the Removing Defendants only attempt to assert the second option to establish improper joinder, i.e. Plaintiff's alleged inability "to establish a cause of action against" Defendant Scott (Dkt. #18, at pp. 7-9). *See McDonal*, 408 F.3d at 183.

Under the second option to establish improper joinder, the Removing Defendants claim that Plaintiff's "live pleading cannot survive 12(b)(6)-like scrutiny as to Defendant Scott" (Dkt. #18, at p. 8). Pursuant to a "Rule 12(b)(6)-type analysis," "…a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); FED. R. CIV. P. 8(a)(2). A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663 (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). Moreover, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

Though the accident took place in Colorado, no party suggests that any other law besides Texas law applies (Dkt. #18; Dkt. #18-1; #19). In Texas, "[t]o establish negligence, a party must establish a duty, a breach of that duty, and damages proximately caused by the breach." *P.A.M. Transp., Inc. v. Stevens Transp., Inc.*, No. 05-12-01031-CV, 2013 WL 3948880, at *1 (Tex. App. July 31, 2013) (citation omitted). A party's duties of care while operating a vehicle include keeping

a proper lookout and taking appropriate evasive action if necessary. *See id.* Otherwise, that party may be found to have breached their duty of care and proximately causing an accident. *See id.*

Here, Plaintiff pled that Defendant Scott

owed Plaintiff and other motorists a duty to operate his vehicle with the degree of care that a reasonably prudent commercial motor vehicle operator would exercise under the same or similar circumstances, including the duty to maintain proper attention to the roadway, maintain control of his vehicle, stay within his lane of travel, and prevent actions that would cause collisions and damages with other vehicles on the roadway. Defendant Scott breached these duties of care…[by] [f]ailing to maintain a proper and constant lookout for traffic hazards[] [and] [f]ailing to take reasonable and available evasive action to avoid or minimize the collision…As a direct and proximate result of Defendant Scott's negligence, Plaintiff sustained injury.

(Dkt. #18-1, at pp. 11-12). As such, Plaintiff plead a claim for relief that is plausible on its face under the "Rule 12(b)(6)-type analysis." *See Iqbal*, 556 U.S. at 678; *See also* FED. R. CIV. P. 8(a)(2); *See also McDonal,* 408 F.3d at 183 n. 6.

Accordingly, this court lacks diversity jurisdiction and removal to this court was not proper.[2]

## CONCLUSION

The court **ORDERS** that Plaintiff's case be **REMANDED** to the 431st Judicial District Court in Denton County, Texas.

**IT IS SO ORDERED.**

**SIGNED this 26th day of June, 2026.**

AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE

---

[2] The Removing Defendants do not assert that this court has federal question jurisdiction over this case.

9